KLIEBERT, Chief Judge.
This matter comes before us on an appeal taken by the defendant, Michael J. Vaughn, Sr., from a ruling handed down at the conclusion of a hearing of a rule held on May 11, 1992, wherein he was found to be in contempt of court. His sentence was thirty days in jail which was suspended upon the condition that he cooperate in efforts to obtain child support payments through worker's compensation benefits.
The appellant’s long journey through juvenile court commenced with the filing of a bill of information against him on June 23, 1986, wherein it was alleged that he failed to provide support for his then 7 year old son, Michael J. Vaughn, Jr. A judgment of August 25, 1986 was rendered in conformity with the defendant’s agreement to pay the sum of $42.00 per week, $40.00 thereof *624 representing support and $2.00 representing court costs.
As soon as October of 1986 the appellant was ruled into court for the first of many contempt citations for failing to abide by his support agreement as reflected by the judgment. It appears that at an early stage the defendant became unemployed and began receiving worker’s compensation, payments.
Over the next several years the defendant appeared in court on various contempt rules, and employment status reviews, as well as rules to reduce. Apparently, he was employed intermittently and made some payments on an irregular basis. On several occasions, when at least temporarily employed, wage assignments were obtained. A wage assignment was also obtained against worker’s compensation payments he received.
One of the appellant’s assignments of error is that the trial court failed to issue an order reciting facts constituting appellant’s alleged contempt. Pertinent in this regard are: (1) the rule for contempt; (2) the testimony taken, and (3) the minute entry and judgment which followed.
The rule was instituted on March 26, 1992 and, after reciting that as of that day defendant was in arrears in the amount of $9788.76, set forth that he was in contempt for having “failed to make a child support payment since 12/89” and that he “also failed to produce info on his workman’s comp.” The minute entry judgment signed by the court recites the following:
“RULE FOR CONTEMPT
05/11/92 TAKEN UP.
PRESENT WERE: ADA DEFENDANT
ROBIN SHULMAN IDB DEFENDANT
ANTOINETTE HILL RECIPIENT
FELICIA HIGGINS HEARING OFFICER
BACK $ 8,932.63 + C.C. TO RECIPIENT AS OF 05/11/1992. TESTIMONY TAKEN OF MS HIGGINS AND THE DEFENDANT. AS TO THE ISSUE FOR CONTEMPT OF COURT — NON PAYMENT OF SUPPORT:
DEFENDANT HELD IN CONTEMPT OF COURT. SENTENCED TO 30 DAYS IN THE JPCC. S/S. SENTENCE SUSPENDED UPON THE CONDITION THAT DEFENDANT COOPERATE IN ALL EFFORTS TO OBTAIN CHILD SUPPORT PAYMENTS THROUGH WORKER’S COMPENSATION BENEFITS. ASSESSMENT OF IDB FEES WAIVED BY MS SHUL-MAN. DEFT. ADVISED THAT HIS RECOURSE IS TO APPEAL THE COURT’S RULING IN THIS MATTER.
[[Image here]]
Accordingly, we set aside the judgment and remand the case; the trial court is ordered to recite the facts which constitute the contempt as well as the adjudication of contempt and specifying the punishment imposed.
SET ASIDE AND REMANDED.